**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

KMS TECH, INC., a New York Corporation,

                      *Plaintiff*,                  Civil Case No: 1:20-cv-01041-GBD

   -against-

G MISSION, INC., a New York Corporation d/b/a
Karaoke City; JAKE KWAK, an individual; JOHN
DOES 1-10 (being fictitious name); and ABC
CORPS 1-10,
                      *Defendants*.
------------------------------------------------------------------x

### STIPULATED PROTECTIVE ORDER REGARDING
### THE HANDLING OF CONFIDENTIAL INFORMATION

Pursuant to Federal Rule of Civil Procedure 26, and upon stipulation and agreement by and among the undersigned counsel for the Parties, plaintiff KMS TECH, INC., and ("Plaintiff" or "KMS"), defendants G MISSION, INC. d/b/a Karaoke City ("Corporate Defendant" or "G Mission"), and Jake Kwak ("Individual Defendant" or "Kwak") (Corporate Defendant, G Mission, Individual Defendant, and Kwak collectively the "Defendants") (Corporate Defendant, KMS, G Mission, Individual Defendant, and Kwak individually referred to as a "Party," and collectively referred to as the "Parties"), and for good cause shown,

**IT IS HEREBY ORDERED** that this Protective Order shall control the disclosure, dissemination, and use of confidential information in the Lawsuit:

    1.    <u>Scope of Order.</u> This Order shall govern the production, use, and disclosure of all information and materials produced by the Parties in response to and discovery request in this action (including, but not limited to, documents, interrogatory answers, responses to requests to admit and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

    2.    <u>Designation of Confidential Discovery Material.</u> A Party or any third party may, in

good faith, designate as "CONFIDENTIAL" and therefore subject to the protections and requirements of this Order, Discovery Material that consists of or includes non-public information that would reasonably be subject to protection under applicable statute, rule or precedent, including:

> a. Information and materials that a Party or any third party reasonably believes contain or refer to information that is not generally available to or accessible by the general public, that a Party or any third party believes contain or refer to confidential information of third parties, information protected by a statute, rule or regulation, private or confidential personal information, information received in confidence from third parties, trade secrets or other confidential business information including, but not limited to, research, development, business or financial information, or other confidential and/or proprietary analyses, company guidelines, policies and procedures, market analyses, business valuations, audit reports, commercial information, sales information, customer proprietary network information, customer lists and non-public agreements with third parties, materials memorializing or relating to sensitive third-party business relationships;
>
> b. All documents created in response to or as a part of governmental inquiries, except for those responses to governmental inquiries that are available to the public;
>
> c. All training policies, procedures, or documents related to security practices;
>
> d. Discovery Material reflecting or relating to financial data including, but not limited to, documents concerning revenues, costs, and profits; and
>
> e. Discovery Material that, if disclosed to a business competitor, would tend to damage the Party's competitive position.

3. <u>Method of Designating Material as CONFIDENTIAL.</u>

   a. Designation of confidential Discovery Material shall be made by stamping the legend "CONFIDENTIAL" on the document. Multi-paged Discovery Material must be stamped "CONFIDENTIAL" on each page so designated. If the Discovery Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document.

   b. If originals or other non-bates stamped Discovery Material are made available to a Party for inspection, the entirety of such material shall be treated as CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Discovery Material. The Party producing such Discovery Material shall designate as CONFIDENTIAL any confidential Discovery Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend " CONFIDENTIAL" on the copies of such Discovery Material. All original or other non-bates stamped Discovery Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

   c. Information conveyed or discussed in deposition testimony or legal proceeding, in court or before an arbitrator, may be designated CONFIDENTIAL by an indication on the record at the deposition or legal proceeding, or by written notice of the specific pages and lines of testimony and subject matter that are CONFIDENTIAL within ten (10) days after receipt of the transcript of the deposition or legal proceeding. The deadline for such

3

designation may be extended upon agreement of the Parties. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. While the ten (10) day period is pending, the Parties will treat the transcript and the information contained therein as ATTORNEYS' EYES ONLY in accordance with this Order. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6(b)(i), (iii), (v), (vi), and (viii) below and the deponent during these ten (10) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 6(b)(i), (iii), (v), (vi), and (viii) below during said ten (10) days.

4. <u>Material Designated ATTORNEYS' EYES ONLY.</u> A Party or any third party may designate Discovery Material that it deems highly confidential, defined as highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party, as being ATTORNEYS' EYES ONLY, following the same procedure set forth in section 3 above. Designation of ATTORNEYS' EYES ONLY Discovery Material shall be made by stamping or writing the legend "ATTORNEYS' EYES ONLY" on the document. Multi-paged Discovery Material must be stamped "ATTORNEYS' EYES ONLY" on each page so designated. Only the outside counsel for the receiving Party and such other persons as counsel for the producing Party agrees in advance or as Ordered by the Court may review materials designated ATTORNEYS' EYES ONLY. The attorneys may not share these documents, or the information contained in these documents with the Parties or any third party.

5. <u>Failure to Designate Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY.</u>
The failure of a party or any third party to designate information or documents as

4

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a Party or any third party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Parties understand and acknowledge that a Party's or a third party's failure to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" relieves the other party of any obligation of confidentiality until such a designation is made in writing to counsel for all Parties to whom the information and/or documents were disclosed. Promptly after any such designation, the receiving Party shall mark with the appropriate legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any such designated documents, and all documents containing any such designated information will be thereafter appropriately treated in accordance with this Order.

6. <u>Use of CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material.</u> All Discovery Material including, but not limited to, CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material, may be used solely in accordance with this Order and any agreements executed by the parties. Any person found to have made an impermissible use of Discovery Material may be subject, without limitation, to civil and criminal penalties for contempt.

a. All CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material shall be used by the receiving person solely for purposes of the prosecution or defense of this action, shall not be used by the receiving person for any business, commercial, competitive, personal or other purposes, and shall not be disclosed by the receiving person to anyone other than those set forth in subparagraphs (b) and/or (c) hereunder, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of CONFIDENTIAL Discovery Material and/or ATTORNEYS' EYES ONLY Discovery Material,

provided that such advice and opinions shall not reveal the content of such CONFIDENTIAL Discovery Material and/or ATTORNEYS' EYES ONLY Discovery Material except by prior written agreement of counsel for the parties, or by Order of the Court.

      b.    CONFIDENTIAL Discovery Material and the contents of CONFIDENTIAL Discovery Material may be disclosed only to the following persons:

      i.    any court before which this or a related action is pending and court personnel;

      ii.    the Parties, including present officers, directors, and other employees of the Parties who are required to participate in decisions with reference to this Lawsuit, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

      iii.    outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties, and their respective support personnel whose functions require access to such CONFIDENTIAL Discovery Material, including but not limited to secretarial, paralegal, clerical, duplicating and data processing personnel;

      iv.    any actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

      v.    outside vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

      vi.    court reporters and other persons engaged in preparing transcripts of testimony or hearings in this Lawsuit;

      vii.    members of law enforcement pursuant to a duly executed subpoena;

      viii.    outside experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist

counsel in this action; and any other person who is so designated by order of any court before which this action is pending, or by agreement of the producing party.

No CONFIDENTIAL Discovery Material may be disclosed to persons identified in subparagraphs (iv) and (viii) hereinabove until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party; or (2) agreed on the record at a deposition to be bound by its terms.

c. ATTORNEYS' EYES ONLY Discovery Material may be disclosed to the following persons:

i. any court before which this or a related action is pending and court personnel;
ii. members of law enforcement pursuant to a duly executed subpoena;
iii. outside counsel (herein defined as any attorney at the parties' outside law firms), their respective support personnel whose functions require access to such material, including but not limited to secretarial, paralegal, clerical, duplicating and data processing personnel, and to such other persons as counsel for the producing Party agrees in advance or as Ordered by the Court; and;
iv. Expert witness and expert witness personnel provided that the expert witness or any member of the expert witness' personnel is not an employee of the receiving party, and is independently retained by the counsel of the receiving party (or by the receiving party) for which the expert witness will provide an expert report or expert testimony, and that a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party. The expert witness and the expert witness' personnel shall not disclose or discuss the information with ATTORNEYS' EYES ONLY designation to any party receiving

ATTORNEYS' EYES ONLY Discovery Material except for the counsel of the Party. Notwithstanding the foregoing, the expert witness may disclose and discuss items designated as ATTORNEY'S EYES ONLY as part of its expert report to be used at deposition, trial or in a motion in the instant litigation.

7. <u>Use of CONFIDENTIAL Discovery Material at Deposition.</u> Any Party may use CONFIDENTIAL Discovery Material pursuant to the terms of this Order as an exhibit in a deposition, subject to such exhibit being marked as CONFIDENTIAL. If deposition testimony concerning CONFIDENTIAL Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order. Each deposition shall be treated as CONFIDENTIAL without need for designation until ten (10) days after each Party has received a copy of the transcript, at which a point a Party may designate portions of the transcript as "CONFIDENTIAL" Discovery Material.

8. <u>Use of ATTORNEYS' EYES ONLY Discovery Material at Deposition.</u> A Party may use ATTORNEYS' EYES ONLY Discovery Material pursuant to the terms of this Order as an exhibit in a deposition only when the deponent is the Party or a current officer, director, or employee of the Party that produced the ATTORNEYS' EYES ONLY Discovery Material, any expert witness subject to provision 6(c) or is expressly exempt as set forth in Paragraph 13 below, subject to such exhibit being marked ATTORNEYS' EYES ONLY. If deposition testimony concerning ATTORNEYS' EYES ONLY Discovery Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Order. Each deposition in which ATTORNEYS' EYES ONLY Discovery Material are used shall be treated as ATTORNEYS' EYES ONLY without need for designation until ten (10) business days after the producing Party has received a copy of the transcript, at which point the producing Party may designate portions of the transcript as "ATTORNEYS' EYES ONLY" Discovery

Material.

9. <u>Use of CONFIDENTIAL Discovery Material or ATTORNEYS' EYES ONLY Discovery Material at Trial</u>. If the need arises during trial or at any Hearing before the Court for any party to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material, it may do so only after giving notice to the producing party and as directed by the Court. *Any application to maintain the confidentiality of documents or information at trial shall be made to the trial judge, in advance of trial.* *DF*

10. <u>Responding to Subpoenas Requesting CONFIDENTIAL Discovery Material or ATTORNEYS' EYES ONLY Discovery Material.</u> If a person in possession of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material who is not the producing Party with respect to that Material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material in connection with a civil proceeding, he/she/it shall immediately give written notice to counsel for the producing Party identifying the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material sought and the date and time production or other disclosure is required.

11. <u>Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Material Under Seal.</u> Whenever any document designated as "CONFIDENTIAL" or "FOR ATTORNEYS' EYES ONLY" or any pleading or other court-filing containing CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY information is filed by the non-producing party, it shall be filed under seal in accordance with this Court's rules along with an appropriate filing requesting the Court approve sealing the document(s) in accordance with Local Civil Rule 5.2.

12. <u>Challenge the Designation of Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."</u> If counsel for a party receiving Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder objects to such designation of any or all of such Discovery Material, the following procedure shall apply:

   a. Counsel for the objecting party shall serve on the designating party or third party a

written objection to such designation, which shall describe with particularity the Discovery Material in question and shall state the grounds for objection. Counsel for the designating party or third party shall either correct the designation or respond in writing to such objection within five (5) business days and shall state with particularity the grounds for asserting that the Discovery Material is "CONFIDENTIAL" or " ATTORNEYS' EYES ONLY". If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, within three (3) business days from the receipt of the response, counsel shall confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation of a Discovery Material cannot be resolved by agreement, within five (5) days from counsel's meet and confer, the counsel for the designating party shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.3 (c), before filing a formal motion or letter motion for an order approving the challenged designation. The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

c. In the event a designation is challenged, the party who designated the document(s) or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" bears the burden of proof that such documents and/or information

contain or consist of trade secrets, confidential proprietary business information or are otherwise subject to protection pursuant to applicable law. The Parties agree to honor the designation of any such CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

13. <u>Exemptions for Authors and Material Independently Obtained or Publicly Available.</u> As detailed in the following subparagraphs, nothing in this Order shall in any way restrict the use of documents or information by the Producing party or in connection with a third party identified as an author, deponent or recipient or which are lawfully obtained or available to a Party independent of discovery in this action, whether or not the same material has been obtained during the course of discovery in this Lawsuit and whether or not such documents or information have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Accordingly,

a. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or bound by this or a comparable Order or obligation or are in full compliance with such Order; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

b. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to

  such persons as appear on the face of the document to be its author and to their attorney(s) or other third parties at the direction and/or with the approval of such persons.

 c. Nothing in this Order shall be deemed to prohibit disclosure of a deposition transcript designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," to the deponent who provided the testimony at issue and/or to the deponent's designated attorney(s).

 d. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to such persons that appear on the face of the document to have received a copy of the Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the producing Party and to their attorney(s).

 e. Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material that contain summaries or details of purchase and/or sales transactions designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the individuals or entities involved in the transaction and to their attorney(s).

 f. Nothing in this Order shall be deemed to limit or prohibit any manner of use of any Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Party producing such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material.

14. <u>No waiver of Objections.</u> Nothing in this Order shall constitute a waiver of a Party's right to object to the production of Discovery Material or to demand more stringent

restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive information.

    15. No waiver of Privilege.

        a. The terms of this Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

        b. The production of any document or other information during discovery shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege such as work product, and no party shall be held to have waived any rights by such production. Upon written request by the producing Party, the receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

    16.    No Admission. Entry of this Order and any stipulation therefore, and any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall not be deemed an admission, waiver or agreement by either Party to a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder nor to the merits of any claims or defenses raised in this Lawsuit.

    17.    Court Retains Jurisdiction. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

    18.    Post-Action Treatment of CONFIDENTIAL Discovery Material and ATTORNEYS' EYES ONLY Discovery Material. Unless otherwise agreed to in writing by the Parties, no later than thirty (30) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL or

ATTORNEYS' EYES ONLY Discovery Material shall return all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material, including all copies, extracts, and summaries, to the producing Party, or, in lieu thereof, shall, upon request of the original producing party, certify in writing that all CONFIDENTIAL and ATTORNEYS' EYES ONLY Discovery Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material. To the extent a Party requests the return of Discovery Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

19.   <u>Continuing Effect of this Order.</u> Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order except as modified by an Order of the Court or as expressly agreed by the Parties.

20.   <u>Modification of this Order.</u> Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material. Nothing in this Order shall preclude the Parties from moving to amend or modify this Order by stipulation, so long as any such modification or amendment is in a signed writing. The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

21.   <u>Entry and Enforcement of Order by the Court.</u> The Parties stipulate to this Order for entry by the Court and agree to be bound by the terms effective as of the date this Stipulated Protective Order was fully executed by the Parties, as if this Order had been entered on that date. The Court

may impose sanctions on any person possessing or granted access to CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material pursuant to this Order who discloses or uses the CONFIDENTIAL Discovery Material or ATTORNEYS' EYES ONLY Discovery Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order. All persons to whom CONFIDENTIAL Discovery Material or ATTORNEYS ' EYES ONLY Discovery Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order and the disclosing Party is obligated to ensure that all such persons are aware and agree to be bound by this Court's jurisdiction prior to disclosure. This Order shall continue in full force and effect and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Discovery Material or ATTORNEYS' EYES ONLY Discovery Material has been disclosed, both during and after the pendency of this case.

Dated: October 21, 2021

**PARDALIS & NOHAVICKA, LLP**                                **BARTON LLP**

By: /s/Eleni Melekou                                                    By: /s/Maurice Ross
    Eleni Melekou, Esq.                                            Maurice N. Ross, Esq.
    950 Third Avenue, 27th Floor                              711 Third Avenue, 14th Floor
    New York, NY 10022                                             New York, New York 10017
    212-213-8511                                                          212-687-6262
    eleni@pnlawyers.com                                          mross@bartonesq.com
    *Attorneys for Plaintiff*                                        *Attorneys for Defendants G Mission and Jake Kwak*

**IT IS SO ORDERED.**  As modified in paragraph 9, above.

Done and ordered this 18th day of January 2022.

_____
Hon. Judge Debra Freeman, U.S.M.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KMS TECH, INC., a New York Corporation,

                Plaintiff,                Civil Case No: 1:20-cv-01041-GBD

  -against-

G MISSION, INC., a New York Corporation d/b/a
Karaoke City; JAKE KWAK, an individual; JOHN
DOES 1-10 (being fictitious name); and ABC
CORPS 1-10,

                *Defendants*.
-------------------------------------------------------------------x

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order Regarding the Handling of Confidential Information dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. No later than the final conclusion of the case, the undersigned will return all Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom the undersigned was employed or retained.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties, including contempt of court.

Date: _____

Signature:_____

Name:_____

 Job Title:   _____

 Employer: