UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KMS TECH, INC.,

                    Plaintiff,

              -against-

G MISSION, INC. et al.,

                    Defendants.

------------------------------------------------------------------X

20-CV-1041 (GBD) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      On June 12, 2024, the Court issued an order, memorializing an award of attorneys' fees to Defendant G Mission, Inc. in the amount of $4,449.00. See ECF No. 162. The Court outlined during a conference held that day how it had calculated the amount of the award. The dispute over the amount of attorneys' fees arose after the Court had ordered Plaintiff KMS Tech, Inc. to pay Defendant reasonable attorneys' fees and costs incurred in connection with Defendant preparing the portion of its summary judgment brief asserting that Plaintiff could not prove copyright infringement without a copy of the certified copyright deposit with the Copyright Office. See ECF No. 113; see also ECF No. 121 at 15-17; ECF No. 144 at 16.

      On June 26, 2024, Defendant filed a motion for reconsideration, arguing that the Court erred in calculating the amount of attorneys' fees. See ECF Nos. 165, 166, 170. Plaintiff opposes the motion. See ECF No. 169. Because none of the arguments raised by Defendant warrant reconsideration of the Court's prior calculation of the amount of attorneys' fees, Defendant's motion for reconsideration is **DENIED**.

      As is well understood, motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). To prevail, the movant must identify "an intervening

1

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). Whether to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." <u>Abu Dhabi Com. Bank v. Morgan Stanley & Co.</u>, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012).

First, to the extent Defendant argues that it is entitled to the full cost it expended in preparing its summary judgment brief (<u>see</u> ECF No. 166 at 7-8), that argument is not properly raised in this motion for reconsideration. In February 2023, the Court concluded that Defendant was not entitled to the full cost of its summary judgment briefing and was only entitled to a portion of the cost it had incurred in preparing its brief—a conclusion that counsel for Defendant, at the time, indicated was "fair." <u>See</u> ECF No. 121 at 15-16. Defendant nevertheless cross-moved for reconsideration of that decision (<u>see</u> ECF Nos. 124-125), and the Court denied the motion on August 7, 2023 (<u>see</u> ECF No. 142). Any argument in the present motion challenging again the denial of an award of full costs for the summary judgment briefing is, among other things, untimely and not a proper basis for reconsideration of the Court's June 2024 order calculating the amount of attorneys' fees. <u>See</u> <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (explaining that a motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'").

2

Second, Defendant argues that the Court erred in calculating the amount of fees by comparing the amount awarded here to amounts awarded by courts in other cases. See ECF No. 166 at 9. But an award of attorneys' fees is necessarily case specific, as it requires an assessment of the nature of the work performed and the reasonableness of the hourly rates and hours expended. These factors will vary in every case. Defendant points to no case that requires, as a matter of law, an award here of a greater amount of attorneys' fees for the work performed in the relevant portion of the summary judgment briefing. Additionally, although Defendant disagrees with the Court's exclusion of certain work from the calculation of fees (see ECF No. 169 at 11), that, too, is not a proper basis for a motion for reconsideration. See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 398-99 (S.D.N.Y. 2018) (denying motion for reconsideration where moving party's arguments "constitute nothing more than disagreement" with the Court's application of the legal standard to the facts of the case and where moving party made "no attempt to point to any controlling precedent" that the Court had overlooked).

The Court has considered all of the other arguments raised by Defendant in its motion. To the extent not specifically addressed herein, the arguments are meritless.

## **CONCLUSION**

For the reasons stated herein, Defendant's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 165.

**SO ORDERED.**

DATED:   September 20, 2024
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge