

**PARDALIS & NOHAVICKA, LLP**
— ATTORNEYS —

October 18, 2024

**VIA ECF**

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *KMS Tech Inc. v. G Mission Inc. et al.* - Civil Case No.: **1:20-cv-01041-GBD-DCF**
_____

Dear Respected Judge Figueredo:

    We represent Plaintiff KMS Tech Inc. and write pursuant to Rule II (c)(2) of Your Honor's Individual Practices to request a pre-motion conference as required by Local Civil Rule 37.2, or leave to file a Motion for Sanctions pursuant to Fed. R. Civ. P. 16 and 37 against Defendants and their attorneys, or alternatively Court authority to have this letter motion serve as the motion necessary to seek the relief sought.

    **1. <u>Defendants Destroyed Critical Evidence and Concealed their Spoliation of Evidence.</u>**

    Over the heavy objections and significant machinations of Defendants' counsel, by Your Honor's December 21, 2023 order (ECF 158), Plaintiff's expert (who was heavily vetted by the Defendants' attorneys and was initially to serve as a "joint" expert) was entitled to examine all versions of Plaintiff's software – including copies and derivations. Upon arrival to Defendants' premises on February 12, 2024, to conduct the physical inspection of the Defendants' systems as contemplated by Your Honor's order, defense counsel, for the first time ever, represented to the undersigned and Plaintiff's expert that the copied software and hardware systems the Defendants used with the copied software – the inspection of which were the subject of Defendants' forceful discovery refusals and objections ultimately necessitating motion practice and oral argument - had all been discarded *after* commencement of the instant lawsuit. Likewise, Plaintiff's counsel and expert were refused access to much of the establishment, including all karaoke rooms, for inspection of their karaoke system. The Defendants only permitted Plaintiff's expert to see, inspect and extract code from the Playbox machine the Defendants received from Plaintiff – effectively using self-help, in violation of Your Honor's order – to limit the Plaintiff's inspection as always sought by the Defendants.

    Throughout years of litigation in this 2020 case, including motions concerning access to and discovery of the infringed code and its use by the Defendants at their premises, at no time prior to the scheduled physical inspection in February 2024 did the Defendants ever report that their copies of Plaintiff's software – in any form – were unavailable or had been discarded. Rather, Defendants' abusive litigation tactics, including misrepresentations to the Court, and time-consuming motion practice to conceal the spoliation of this critical evidence that is at the heart of the Plaintiff's lawsuit.

Defendants attempted to evade Plaintiff's inspection of the infringing materials, and their commercial use by the Defendants, by admitting that they copied Plaintiff's software. Of course, the Defendants never formalized any stipulation, nor did they admit how they copied, used and manipulated the copies of Plaintiff's software. (ECF 92, 93, 155). In short, the Defendants sought to evade disclosure concerning infringement. However, the Court overruled the Defendants and authorized the expert discovery. Yet, Defendants continued to challenge the scope of the expert discovery, insisting that Plaintiff's inspection should be restricted solely to the Playbox device and embedded code as Defendants received from Plaintiff – and not to include any copies or partial copies made and used by the Defendants. Indeed, during a conference, Defendants' counsel presented – for the first time - a theory that Defendants "made some copies of the software…to integrate it with certain other machines…they took certain elements of the Playbox software, and they put it in other machines." (ECF 155, 8:15-24). Defendants admitted they copied Plaintiff's software, but in order to impede the scope of expert discovery and Plaintiff's proof, Defendants further contended that they integrated these copies into unidentified machines. Defendants' representations to the Court regarding the putative copies – even if they were made in a clear attempt to conceal their bad faith spoliation of evidence – invited supplemental discovery and inspection.

Tellingly, while refusing to provide access, compelling Plaintiff to engage in motion practice, at no point did defense counsel inform the Court or Plaintiff that these copies, derivations and associated systems were purportedly discarded or otherwise unavailable. Rather, Defendants consumed judicial and adversary resources to distract from what would be the spoliation of key evidence by destruction while having a duty to preserve, while concealing the scope of their willful infringement. This misconduct by Defendants and their counsel warrants the imposition of sanctions for the blatant violation of this Court's December 21, 2023 Order, including, but not limited to case determinative sanctions, and all attorney's fees and costs associated with the prior and current motion practice, along with costs associated with the Defendants' belatedly claimed discarding, or otherwise making permanently unavailable,) dispositive evidence. *See* Fed. R. Civ. P. 16(f)(1)(C), 16(f)(2); 37(b)(2)(i)-(iii),(v)-(vi); 37(c)(1)((A)-(C), 37(e)(2)(B),(C); 37(e)(2)(C).

A party has a duty to "preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Lokai Holdings LLC v. Twin Tiger USA LLC*, 2018 WL 1512055, at *10 (SDNY Mar. 12, 2018) *quoting Arista Records LLC v. Usenet.com*, 608 F. Supp. 2d 409, 433 (SDNY 2009)) (further citations omitted). Similarly, counsel has "a duty to advise his client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction." *Chan v. Triple 8 Palace,* Inc.,2005 WL 1925579, at *6 (SDNY Aug. 11, 2005) *quoting Turner v. Hudson Transit Lines, Inc.*, 142 FRD 68, 73 (SDNY 1991). Notably, "[f]or the purposes of Rule 37(e), 'relevance' means relevance for purposes of discovery, which is an extremely broad concept." *Cruz v. G-Star Inc.,* 2019 WL 4805765, at *11 (SDNY Sept. 30, 2019). Moreover, with respect to the electronic evidence, which it is respectfully submitted would include the Plaintiff's code and derivations of it that were copied by the Defendants, liability under Rule 37(e) is plain given that "(1) that relevant ESI existed; (2) that the ESI should have been preserved in anticipation of litigation; (3) that the allegedly spoliating party did not take reasonable steps to preserve the ESI; and (4) that the ESI cannot be entirely restored or replaced." *Castro v. Smith*, 2023 WL 5371311, at *7 (SDNY Aug. 22, 2023) (citations omitted).

2. **Defendants Spoliation Was Intentional and Prejudicial**

Defendants and their counsel breached their duty to preserve the infringing copies and derivations of Plaintiff's software, which are now irretrievable through alternative means by virtue of the Defendants own actions – concealed from the Court and the Plaintiff. This damning deletion and failure to safeguard and

preserve, warrants case determinative and monetary sanctions against Defendants and their counsel, including, *among others,* reimbursement of Plaintiff's attorney's fees incurred over the past two years in pursuing discovery motions to obtain these materials—materials Defendants ultimately admitted to discarding.

During a meet and confer conference on October 16, 2024, defense counsel asserted a previously never before claimed duty to discard the infringing copies of Plaintiff's software as part of a mitigation of damages when receiving a cease-and-desist letter from the Plaintiff. There is no duty to destroy evidence in anticipation of litigation or to conceal the failure to preserve from the Court and adversary parties. Indeed, Defendants' argument is unavailing as Defendants' duty to preserve all ESI relevant to this litigation was triggered no later than its receipt of Plaintiff's cease and desist/ demand letter. *Kosher Ski Tours Inc. v Okemo Ltd. Liab. Co.,* 2024 WL 3905742, at *3 (SDNY Aug. 22, 2024). Nothing can justify Defendants' spoliation of evidence and their counsel's concealment through layers of related motion practice. Indeed, presuming, arguendo, that the evidence was actually discarded – that means that the Defendants, by counsel, misled the Court and the Plaintiff's throughout the entirety of the disclosure process and related litigation, including motion practice. Despite repeated writings submitted by Defendants' counsel – never once did they suggest, infer, or outright state that the evidence that they refused to disclose and forced motion practice about did not exist.

Plaintiff has been prejudiced by Defendants' spoliation. The final report- to be produced by October 25, 2024 – after time consuming, painstaking assessment, including line-by-line code review, will be incomplete as it does not address all aspects of Defendants' infringement, but solely what Defendants had predetermined from the outset to disclose in clear violation of the December 21, 2023, Order. Furthermore, Defendants' refusal to allow review of their systems during the physical inspection thwarted a determination of whether, as of the date of the inspection, Defendants' systems did not use copies of the Plaintiff's Copyright Deposit. If the Defendants' position is that their karaoke system includes elements that were copied, but somehow the portions copied were not substantially similar to Plaintiff's copyrighted software, then that putative system should have been provided for inspection. However, the expert repeatedly requested to inspect these systems during the site inspection – consistent with the Court's order, his visit and his requests were declined by Defendants and their counsel.

It is well-settled that intent may be inferred "when a party has significantly failed in its obligation to preserve and collect documents" or "when the data loss cannot be credibly explained other than by bad faith." *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 175 (SDNY 2022). *See, also, Moody v. CSX Transp., Inc.,* 271 F. Supp. 3d 410, 428-29 (WDNY 2017); *Ottoson v. SMBC Leasing &Fin., Inc.*, 268 F. Supp. 3d 570, 582-83 (SDNY 2017). Defendants' sharp litigation tactics aimed at preventing Plaintiff from accessing their premises and obtaining copies of the infringing software makes crystal clear their intent to deprive the Plaintiff of critical evidence .Indeed, Defendants' repeated refusals to produce discoverable information and multiple violation of discovery orders reflect their intent to hide the extent of their infringing activities, spoliation of evidence, violation of this Court's discovery orders, and to gain a litigation advantage by depriving Plaintiff of critical and irreplaceable evidence.

Accordingly, the Court should issue case determinative and monetary sanctions against the Defendants, and their counsel.

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

/s/Eleni Melekou
Eleni Melekou, Esq.