# PARDALIS & NOHAVICKA, LLP
## ATTORNEYS

**VIA ECF**  May 6, 2025

Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *KMS Tech Inc. v. G Mission Inc. et al.* - Civil Case No.: **1:20-cv-01041-GBD-DCF**

Dear Respected Judge Figueredo:

    We represent Plaintiff KMS Tech Inc. ("KMS" or "Plaintiff") and respectfully submit this letter motion, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(A)(vi), and 55, seeking a pre-motion conference, or, alternatively, and more efficiently, entry of default and Default Judgment against Defendants G Mission Inc. and James Kwak (collectively the "Defendants"). Despite multiple court orders directing Defendants to retain counsel and appear in this action, they have failed to do so. Their ongoing disregard for the Court's directives warrants this relief.

    Your Honor granting then defense counsel leave to withdraw on December 30, 2024, and directed the Defendants to retain new attorneys and file a status update by February 1, 2025. ECF 186. This was not done, and Defendants also failed to attend the February 20, 2025 conference. *See* ECF 181. Your Honor then granted the Defendants until March 17, 2025, to appear by new attorneys. *Id*. The Defendants disregarded that mandate as well. On March 24, 2025, Your Honor granted Defendants a final opportunity to retain counsel and appear by April 15, 2025, warning that the failure to retain counsel may result in the entry of default and a default judgment against G Mission Inc. ECF 188. The Defendants failed to comply with that final opportunity as well. The Defendants' repeatedly extended opportunity to engage new counsel has now expired leaving in its wake repeated failures to engage counsel and appear at scheduled conferences.

    Notably, Defendants' former counsel sought to withdraw shortly after Plaintiff filed a motion for spoliation of evidence implicating both Defendants and their former attorneys, ECF 174. It was Plaintiff's spoliation motion that was to be addressed at the February 1, 2025, conference – that no motion respondent appeared for.

    Defendants have wholly failed comply, despite ample time and opportunity. G. Mission has not retained counsel and cannot proceed pro se, and the individual Defendant has also failed to participate. Defendants' failure to comply with multiple court orders constitutes a violation of Rule 16(f), authorizing sanctions for failing to obey pretrial or scheduling orders. *See, e.g.*, *Kaufman v Travelers Cas. Ins. Co.*

950 Third Avenue, 11th Floor, New York, NY 10022 | 29-20 23rd Avenue 4th Floor Astoria, NY 11105
P: 212.213.8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com

1

*of Am.*, 2025 WL 1002739, at *5 (SDNY Mar. 31, 2025). When, as here, a party fails to obey a court order—including discovery orders or directives to appear—courts may impose sanctions including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Default is an appropriate sanction when a party's conduct reflects willful disregard of judicial authority and causes delay or prejudice. *Local Union No. 40 of the Intern. Ass'n of Bridge v Car-Wi Const.,* 88 F Supp 3d 250 (SDNY 2015). Here, Defendants' conduct is not the result of neglect or confusion—it reflects deliberate disengagement. Indeed, when seeking leave to withdraw, Defendant's former counsel reported that the Defendants had failed to maintain contact, engage on the substance of the matter, or with respect to their financial obligations to counsel. The Defendants contemptuous disregard of the Court is consistent with that behavior.

A default, and default judgment are appropriate as to both defendants. With respect to G. Mission, it has failed to appear by counsel. Moreover, both Defendants have unilaterally removed themselves from participation in this action. Default judgment is appropriate where a party "has engaged in 'sustained and willful intransigence in the face of ... explicit warnings from the court.' " *Urbont v. Sony Music Entm't,* 2014 WL 6433347, *4 (SDNY Nov. 6, 2014), *quoting Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994); *see also Obot v. C.I.R.,* 254 Fed.Appx. 57, 58 (2d Cir.2007) *quoting LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 210 (2d Cir.2001).

It is well established that "[o]nce found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); Fed. R. Civ. P. 55. Here, by its complaint Plaintiff has not only stated but also affirmatively proven its claim for copyright infringement. ECF 1, ¶¶ 10, 32-42. To succeed on a copyright infringement claim, a plaintiff must demonstrate: (1) ownership of a valid copyright, and (2) unauthorized copying of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

Plaintiff holds a valid federal copyright registration for the "Playbox" software (Cplt. (ECF 1) ¶ 10) and has provided a copy of the certificate of registration as well as the deposit materials, including the underlying source code. [**Exhibit 1**]. As a matter of law, the registration certificate constitutes prima facie evidence of the validity of Plaintiff's copyright. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010), *citing* 17 U.S.C. § 410(c). The second prong—unauthorized copying—requires a two-part showing: (1) actual copying; and (2) that the copying was unlawful because it involved substantial similarity between the works' protectable elements. *Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc.*, 150 F.3d 132, 137 (2d Cir. 1998); *Peter F. Gaito Architecture,* 602 F.3d at 63.

Here, the well pleaded complaint allegations satisfy both elements. Defendants had access to Plaintiff's copyrighted software, as they were direct recipients of the product. Cplt. ¶ 18-31. Specifically, Plaintiff alleges that Defendants copied the Playbox code and publicly used the unauthorized copies of Plaintiff's code in their own devices. *Id.* ¶¶ 20, 34-36. An expert jointly selected by the parties examined the source code deposited with the Copyright Office and compared it with the software found on Plaintiff's original machine—used by Defendants. The expert confirmed, *inter alia*, based upon a reasonable degree of scientific certainty, that "these creative elements were found to be essentially 100% identical between the two source codes" and that the code used by the Defendants "could only have been created

950 THIRD AVENUE, 11TH FLOOR, NEW YORK, NY 10022 | 29-20 23rd AVENUE 4TH FLOOR ASTORIA, NY 11105
P: 212.213.8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com

2

using source code copied from p_deposit." [**Exhibit 2**].[1] Consistent with the well pleaded allegations in the complaint, these findings leave no doubt that the Defendants actually willfully copied and used the Plaintiff's code. Moreover, under the Copyright Act, the term "copy" is broadly construed to include violation of any exclusive right, including reproduction, public display, and distribution. 17 U.S.C. § 106; *see Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005).

Defendants' copying was willful as it was with actual knowledge of infringement or reckless disregard of the plaintiff's rights. *Island Software*, 413 F.3d at 263. Plaintiff alleges that Defendants knowingly and intentionally duplicated Playbox in each karaoke private room within their business, Cplt. ¶ 34. Defendants continued using the infringing software after receiving notice of the unauthorized use from Plaintiff in September 2019 and the commencement of this lawsuit, establishing willful infringement beyond dispute. Cplt. ¶¶21-31; *See also Lee v. Warner Media, LLC*, --- F. App'x ---, 2025 WL 516933, at *2 (2d Cir. Feb. 18, 2025) (continued use after litigation began constitutes willfulness). Information extracted from the Playbox in Defendants' possession in February 2024 shows that they made use of Plaintiff's software at least until late August 2022. [**Exhibit 3**]. Accordingly, Plaintiff has met both the legal standard and evidentiary burden to establish copyright infringement.

Plaintiff also seeks attorneys' fees and costs incurred in connection with Defendants' spoliation and failure to appear at the spoliation hearing. Pursuant to Rule 16(f)(2)**,** "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust." *Del Rio v. City of New York*, 2021 WL 1907413, at *2 (SDNY. May 12, 2021), Here, Defendants' and former counsel's nonappearance was not only unjustified—it appears to have been strategic, following Plaintiff's filing of the spoliation motion against them. Their failure forced Plaintiff's counsel to appear and prepare for a hearing that Defendants simply ignored, wasting both judicial resources and Plaintiff's. Moreover, Plaintiffs seeks an award of its legal fees against Defendants for bringing the instant motion. *Jianshe Guo v. A Canaan Sushi Inc.,* 2019 WL 1507900, at *4 (SDNY Apr. 5, 2019).

It is thereby respectfully submitted that a default should be recorded, a default judgment entered, indemnification sanctions imposed, and the already pending spoliation sanctions motion visited and granted, with an appropriate indemnification award there as well.

Respectfully submitted,

 /s/Eleni Melekou____
Eleni Melekou, Esq.

---

[1] The term "p_deposit" referred to the source code that the Plaintiff filed with the Copyright Office as was compared against the Defendants' infringing code.

950 THIRD AVENUE, 11TH FLOOR, NEW YORK, NY 10022 | 29-20 23rd AVENUE 4TH FLOOR ASTORIA, NY 11105
P: 212.213.8511 | F: 718.777.0599 | eleni@pnlawyers.com | www.pnlawyers.com