**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KMS TECH, INC., *a New York Corporation*,

     Plaintiff,

   -against-

G MISSION, INC., *a New York Corporation d/b/a Karaoke City*; JAKE KWAK; JOHN DOES 1-10, *being fictitious name*; and ABC CORPS 1-10,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         MEMORANDUM DECISION
         AND ORDER

         20 Civ. 1041 (GBD)

Plaintiff KMS Tech, Inc. ("KMS" or "Plaintiff") brought this copyright-infringement action against Defendants G Mission, Inc. ("G Mission") and Jake Kwak ("Kwak") (collectively, "Defendants"). (*See* Compl., ECF No. 1.) On June 30, 2025, KMS moved for default judgment against Defendants. (*See* ECF No. 197.) Before this Court is Magistrate Judge Valerie Figueredo's January 26, 2026, Report and Recommendation ("Report") recommending that Plaintiff's motion be denied without prejudice. (R.& R., ECF No. 203.) This Court undertakes a *de novo* review of the portions of the Report to which Plaintiff has timely objected. (*See* Objs., ECF No. 204.) The remainder of the Report is reviewed for clear error. After a careful review of the Report and underlying pleadings, this Court ADOPTS the Report in full.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Allegations in the Complaint

Plaintiff is a New York corporation headquartered in Manhattan.  (Compl. ¶ 1.)  On or about 2008, KMS created the Playbox software and registered it with the United States Copyright Office under register number TXu 2-172-793.  (*Id.* ¶¶ 9-10.)  Playbox is a karaoke software that allows users to select songs from a curated database.  (*Id.* ¶¶ 11-12.)  KMS sells computers installed with the Playbox software to karaoke business owners.  (*Id.* ¶ 14.)

G Mission is a karaoke bar located in Manhattan, doing business as Karaoke City.  (*Id.* ¶ 2.)  Kwak is the president of G Mission.  (*Id.* ¶ 3.)  Around September 2016, Defendants purchased a single Playbox unit from Plaintiff.  (*Id.* ¶ 18.)  In September 2019, Plaintiff was informed that Defendants copied the PlayBox software and were using unauthorized copies of the Playbox machines in all of Defendants' private karaoke rooms.  (*Id.* ¶¶ 20-21.)  Plaintiff did not indicate who informed them of the copying.  Plaintiff alleges that Defendants copied the Playbox "in its entirety" and used it to "generate revenue without notice. . .permission . . . authorization . . . [or] compensation given to Plaintiff."  (*Id.* ¶ 22.)  Plaintiff provides no additional allegations in the complaint to show why it believes that the Playbox was entirely copied.

### B.  Procedural Background

On February 6, 2020, Plaintiff commenced this action asserting one claim of direct copyright infringement, and one claim of common law contributory copyright infringement.  (*Id.* at ¶¶ 32-54.)  On June 2, 2020, Defendants appeared with counsel and filed an answer.  (ECF Nos.

---

[1]  This Court presumes the parties' familiarity with the factual and procedural background of this case and only the facts relevant to the instant motion are recounted herein.

4, 6.) After proceeding to discovery, Defendants subsequently asserted counterclaims against Plaintiff for breach of contract, fraud, and declaratory judgment of non-infringement. (*See* ECF No. 26 at ¶¶ 11-29.)

On December 23, 2024, the two attorneys representing Defendants moved to withdraw as counsel. (ECF No. 182.) On December 30, 2024, Magistrate Judge Figueredo granted the motion to withdraw and directed Defendants to retain new counsel. (ECF No. 186.) On February 20, 2025, Judge Figueredo advised G Mission that "failure to retain counsel [by March 17, 2025] may result in the entry of a default and a default judgment against G Mission Inc." (ECF No. 187.) Magistrate Judge Figueredo gave Defendants a final opportunity to file a notice of appearance on the docket by April 15, 2025. (R. & R. at 4; *see also* ECF No. 188.) Defendants failed to appear with new counsel by that date and neither Kwak nor G Mission filed a status update with the court. (R. & R. at 4–5.)

On May 7, 2025, Magistrate Judge Figueredo warned Kwak that failure to defend this action could result in the entry of a default judgment and directed KMS to seek a certificate of default from the Clerk of the Court. (ECF No. 190.) On May 28, 2025, the Clerk of the Court entered a certificate of default against Defendants. (ECF No. 195.) On June 30, 2025, KMS filed a motion for default judgment. (ECF No. 197.) On September 3, 2025, this Court referred the motion to Magistrate Judge Figueredo for a Report and Recommendation. (ECF No. 202.) Magistrate Judge Figuerdo issued her Report on January 26, 2026. To date, new counsel for G Mission has not appeared and Kwak has failed to respond to court orders concerning the status of the case.

## II.  LEGAL STANDARDS

### A. Reports and Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth in a magistrate judge's report. 28 U.S.C § 636(b)(1)(C). "When a timely filed objection raises and properly briefs arguments previously rejected by the magistrate judge, the district judge must review those arguments de novo." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025). However, the district court need not conduct a de novo hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of the magistrate judge's report to which no objections are made are reviewed for clear error. *See Edwards v. Fishcher*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *See United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Default Judgment

Federal Rule of Civil Procedure 55 governs entry of a default judgment against a party that has failed to plead or otherwise defend itself in an action. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). "Entry of a default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Discover Growth Fund, LLC v. OWC Pharm. Rsch. Corp.*, No. 20-CV-2857 (AKH), 2023 WL 3301837, at *1 (S.D.N.Y. May 8, 2023) (quoting *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 118 (S.D.N.Y. 2008)). "Rule 55 provides a two-step process for the entry of judgment against a party who fails to defend: first,

4

the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation and internal quotations marks omitted).

The first step, entering a default, "formalizes a judicial recognition that a defendant, through its failure to defend the action, admitted liability to the plaintiff." *Id.*; *see also* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by what is demanded in the pleadings. *Mickalis Pawn Shop, LLC*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b).

When entering a default judgment, this Court must accept all the plaintiff's "factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor," while still determining whether those allegations establish the defendant's liability as a matter of law. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citations omitted). "Whether entry of a default judgment . . . is appropriate depends on whether the allegations against the defaulting party are well-pleaded." *WowWee Grp. Ltd. v. Meirly*, No. 18-CV-706 (AJN), 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). "The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *Id.*

## III.    THE REPORT IS ADOPTED IN ITS ENTIRETY

Plaintiff does not object to the Report's conclusion that jurisdiction is proper, and that Plaintiff has plausibly alleged ownership of a valid copyright. (Obj. at 1.) Accordingly, these conclusions are reviewed for clear error.

Plaintiff did, however, object to three portions of the Report. Plaintiff first objects to Magistrate Judge Figuero's recommendation to dismiss its direct copyright infringement claim. (*Id.*) Plaintiff also objects to Magistrate Judge Figueredo's decision not to consider evidence produced during discovery to corroborate the Complaint's allegations. (*Id.* at 10.) Finally, Plaintiff objects to the Report's conclusion that Plaintiff failed to establish a contributory infringement claim. (*Id.* at 9.) This Court reviews these issues *de novo*.

## A. Jurisdiction for Default Judgment is Proper

As noted in the Report, this Court has subject-matter jurisdiction over Plaintiff's federal copyright infringement claim via 28 U.S.C. § 1331 and § 1338. *See Stokes v. MilkChocolateNYC LLC*, 681 F. Supp. 3d 226, 237 (S.D.N.Y. 2023).

This Court also has personal jurisdiction over Defendants. Personal jurisdiction is a "necessary prerequisite to entry of a default judgment." *Reilly v. Plot Commerce*, No. 15-CV-5118 (PAE) (BCM), 2016 WL 6837895, at *2 (S.D.N.Y. Oct. 31, 2016) (citation omitted). Domestic corporations are subject to general personal jurisdiction in New York. *See* N.Y. C.P.L.R. § 301. An individual defendant is "subject to personal jurisdiction if he is domiciled in New York, served with process in New York, or continuously and systematically does business in New York." *Jonas v. Est. of Leven*, 116 F. Supp.3d 314, 323 (S.D.N.Y. 2015). Here, G Mission is a New York corporation maintaining its principal place of business in Manhattan. (Compl. ¶¶ 2, 7.) Kwak is a resident of Queens County, New York. (Compl. ¶ 3.) Therefore, because Defendants are incorporated and domiciled in New York, respectively, this Court can properly exercise personal jurisdiction over them.

6

### B. Plaintiff Owns a Valid Copyright

Magistrate Judge Figueredo's determination that Plaintiff owns a valid copyright was also not in clear error. To establish a claim for direct copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 327 (S.D.N.Y. 2021) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "[A] certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright." *Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515, 524 (S.D.N.Y. 2018) (citation omitted). Here, Plaintiff alleged that they registered the Playbox with the United States Copyright Office "on or about February 2008." (Compl. ¶¶ 9-10.) Plaintiff further alleges that the register number for Plaintiff's copyright is "TXu 2-172-793." (*Id.* at ¶ 10.) Accordingly, Plaintiff has adequately pled ownership of a valid copyright in the Playbox software.

### C. Plaintiff Did Not Adequately Plead Direct Copyright Infringement

Magistrate Judge Figueredo concluded that Plaintiff did not adequately plead the copying element of their direct infringement claim. To establish the copying element of a direct copyright infringement claim, a plaintiff must plausibly allege that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (citation omitted). On a *de novo* review, this Court adopts the Report's conclusion that Plaintiff did not adequately plead direct copyright infringement.

#### i. *Plaintiff has not plausibly alleged actual copying*

Magistrate Judge Figueredo correctly concluded that Plaintiff did not sufficiently plead actual copying. "Actual copying may be established by direct or indirect evidence." *Jorgensen v. Epic/Sony Records*, 352 F.3d 46, 51 (2d Cir. 2003) (quoting *Castle Rock Ent. Inc. v. Carol Publ'g*

7

*Group Inc.*, 150 F.3d 132, 137 (2d Cir. 1998).  Because direct evidence of copying is seldom available, a plaintiff is "permitted to prove the second element of their claim—unauthorized copying by the defendant—indirectly by demonstrating access and substantial similarity." *McGraw Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp.3d 488, 498 (S.D.N.Y. 2018) (citation omitted).

Here, Plaintiff did not establish any direct evidence of actual copying.  Direct evidence of copying may be shown, for example, "by defendants' admission or by an eyewitness account." *Klauber Bros., Inc. v. M.J.C.L.K., LLC*, No. 21 Civ. 4523 (PGG), 2024 WL 4467618, at *4 (S.D.N.Y. Oct 10, 2024) (citation omitted).  Plaintiff's conclusory allegation that Defendant copied the Playbox "in its entirety," is not direct evidence of copying.  Therefore, Plaintiff must establish copying through circumstantial evidence of access and probative similarity.

While Plaintiff has plausibly alleged that Defendants had access to the Playbox through a single purchase of the software, (Compl. ¶ 18,) Plaintiff has failed to allege probative similarity. Probative similarity exists where "there are similarities between the two works that would not be expected to arise if the works had been created independently." *Lewinson v. Henry Holt and Co.*, LLC, 659 F.Supp.2d 547, 563 (S.D.N.Y. 2009) (citation omitted).  Plaintiff's conclusory allegation that the Playbox software was "entirely copied" fails to meet this standard.  (*See* Compl. ¶ 22.) But even assuming that this is sufficient to establish probative copying, as explained below, Plaintiff has failed to meet their burden of showing that the Playbox was also substantially similar to Defendants' other machines.

> ii.  *Plaintiffs have not plausibly alleged substantial similarity*

"There is substantial similarity when 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal [of the two

works] as the same." *McGraw-Hill*, 323 F. Supp. 3d at 498 (S.D.N.Y. 2018) (citation omitted). "It is essential that the similarity relate to the copyrightable material." *Wozniak v. Warner Bros. Ent. Inc.*, 726 F. Supp. 3d 213, 241 (S.D.N.Y. 2024) (citation omitted).

Here, Plaintiff has failed to plausibly allege that Defendants' karaoke machines utilized the same software. Plaintiff alleges that it was "informed" in September 2019 that Defendants copied the Playbox and used unauthorized copies of the machine in its own business. (Compl. ¶ 18.) Plaintiff further alleges that it "visited Defendants' business site and discovered a karaoke machine" which it "believed to be the Playbox that is being used in all 20 private rooms." (Compl. ¶ 21.) Plaintiff, however, does not allege who informed them of the alleged copying or how this individual discovered the copying. More importantly, Plaintiff gives no indication of *what* they saw during its visit that indicated there was a substantial similarity between the machines. Without more, this does not establish substantial similarity. *Cf. Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp.3d 32, 46 (S.D.N.Y. 2022) (finding that the plaintiff met the pleading standard for substantial similarity where the complaint gave details of an investigation including a separate declaration by the investigator). Plaintiff did not provide any photographic evidence of visual similarities or allege that any specific characteristics or components of the Playbox was copied. *See Spin Master Ltd. v. 158*, 463 F. Supp.3d 348, 370 (S.D.N.Y. 2020) (finding that the plaintiff met the pleading standard for substantial similarity on a default judgment where the complaint provided exhibits with photographs showing the products to be "virtually indistinguishable, if not completely identical."); *Kelly Toys Holdings*, 606 F. Supp.3d at 46 (same). Here, Plaintiff merely makes a conclusory allegation that the "rest of the machines that are placed in each room were copied in its entirety." (Compl. ¶ 22.)

9

Plaintiff's arguments to the contrary are unavailing. Relying on this Court's decision in *Yeda Research & Development Co. Ltd v. iCAD, Inc.*, No. 18 Civ. 8803 (GBD), 2019 WL 4562409 (S.D.N.Y. Sept. 5, 2019), Plaintiff argues that requiring more specific allegations of substantial similarity would "improperly impose an evidentiary burden at the pleading stage" and run afoul of what *Twombly* and Rule 8 require. (Obj. at 5–7.) In *Yeda*, this Court held that the plaintiff's allegations that the defendant's had access to, used, and transferred a source code, were sufficient to establish actual copying at the pleading stage. *Yeda*, 2019 WL 4562409 at *4. But the *Yeda* plaintiff also alleged that the defendants, in a filing with the U.S. Food and Drug Administration, admitted its software had the same "intended use, fundamental scientific technology, and characteristics" as the plaintiff's software. *Id.* at *2. That plaintiff included this FDA filing as an exhibit in their complaint. *Id.* Here, Plaintiff has provided no similar facts or exhibits. Requiring more than conclusory allegations to make out a copyright infringement claim does not amount to a heightened requirement of "direct technical evidence." (Obj. at 8).

Plaintiff also contends that evidence of substantial similarity is unnecessary because they adequately pleaded wholesale copying of the software program. (Obj. at 8.) But, as stated above, the only allegation made as to wholesale copying is conclusory. (*See* Compl. at ¶ 22 ("Upon information and belief, the Plaintiff was informed that the rest of the machines that are placed in each room were copied in its entirety").) This conclusory allegation, without more, is not sufficient to show wholesale copying in lieu of substantial similarity.

### D. This Court May Only Consider the Allegations in the Complaint

Plaintiff also objects to Magistrate Judge Figueredo's refusal to consider evidence from discovery to establish the copying element of their claim. "The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations." *Spin*

*Master*, 463 F. Supp.3d, at 367, *adhered to in part on reconsideration*, No. 18-CV-1774 (LJL), 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020). "The plaintiff bears the burden of demonstrating that its uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Doe v. City of New York*, No. 20-CV-06393 (PAE) (VF), 2023 WL 2975205, *3 (S.D.N.Y. Feb. 7, 2023), *adopted by* 2023 WL 2975156 (S.D.N.Y. Mar. 3, 2023). As discussed above, Plaintiff has not met their initial burden of plausibly pleading a direct infringement claim. Accordingly, this Court may not consider evidence produced during discovery to bolster Plaintiff's facially deficient claims on a default judgment motion.

### E. Plaintiff Has Not Established a Contributory Copyright Infringement Claim

Finally, Magistrate Judge Figueredo correctly recommended dismissing Plaintiff's contributory copyright infringement claim. Critically, "[t]here can be no contributory infringement absent actual infringement." *Williams v. A & E Television Networks*, 122 F. Supp. 3d 157, 165 (S.D.N.Y. 2015) (citation omitted). Because Plaintiff has failed to properly plead a direct infringement claim, its contributory infringement claim must also fail. Accordingly, Plaintiff's contributory copyright infringement is dismissed.

## IV.   CONCLUSION

Magistrate Judge Figueredo's Report is ADOPTED in full.  Plaintiff's' motion for default judgment is DENIED without prejudice.  Plaintiff is granted leave to file an amended complaint consistent with this Memorandum Decision and Order.  The Clerk of Court is directed to close the open motion at ECF No. 199.

Dated: New York, New York
       March 16, 2026

SO ORDERED.

George B. Daniel

GEORGE B. DANIELS
United States District Judge

12